LEVI WHITNEY & als. *versus* WILLIAM DEMING & als.

In proceedings in equity to redeem a mortgage, the complainant is entitled to costs, if the respondent unreasonably refuses or neglects to render a true account.

BILL IN EQUITY for the redemption of a mortgage, in which it is alleged, that on the 18th of April, 1853, one William E. Slayton was seized in fee of a certain parcel of land, and, on the same day, conveyed the same in mortgage to one Sewall Baker; that said Baker, on the 15th June, 1855, conveyed his interest in said property to the defendants; that afterwards defendants took possession, and remained in possession and received the rents and profits of the mortgaged premises; that, on the 11th Nov., 1856, the plaintiffs purchased the right in equity of redeeming the premises; that, on Jan. 1, 1857, plaintiffs requested the defendants to state the amount they claimed to be due on the mortgage, which they neglected to do; but, some days after, that they set up an unjust claim to the sum of $2844,76, to the first day of January, 1857, allowing nothing for the rent of the property, and claiming large sums said to have been expended in repairs and for insurance, without furnishing any vouchers for the same; and many items of which the said defendants had no legal right to claim or receive; and, therefore, not being able to ascer-

tain the exact sum due on said mortgage, could not tender the same; and pray that, upon bringing and lodging in Court such sum of money as your honors shall find to be equitably due to the defendants, the plaintiffs may be restored to the title and possession of said property.

The respondents' answer admitted that, on or about April 18th, 1853, William E. Slayton was possessed of, and did execute a mortgage deed of the premises described in plaintiffs' complaint, conditioned for the payment of the two notes as alleged in said bill of complainant; no part of which has ever been paid to Baker or to defendants.

That Sewall Baker recovered judgment for condition broken against said Slayton, in the S. J. Court, January term, 1855, in this county, and the conditional judgment was rendered for the amount of the first note in said mortgage mentioned, and interest; to wit, for $612,57, and costs of suit taxed at $14,04. Writ ,25, officer's fees $3,25; delivered to an officer May 25, 1855; premises, at the time, unoccupied, said Slayton having a short time before left; much out of repair; not in a tenantable condition.

Defendants having become the purchasers jointly, under the firm of Deming & Son, from said Baker, of said mortgage and judgment, and all his rights, as by his deed, caused necessary repairs to be made on the house, cellar and outbuildings on said premises. On the 6th of September, 1855, William Deming, jr. moved into the house and mortgaged premises, and continued to occupy them ever since.

That in the schedule annexed to the answer, they have set forth, according to their best knowledge, information and belief, a true and particular statement of the sums due on said mortgage; and their charges for repairs and expenses of said mortgaged premises, and also of the fair rents and profits of the same, up to January 1, 1858.

And the respondents utterly deny that either the said Slayton, or said plaintiffs, have any right in equity to redeem the said mortgaged premises; they deny that they have ever set up any unjust claim, as alleged in plaintiffs' bill of complaint.

The general replication was filed.

*George W. Dyer* was appointed Master.

The schedule annexed to the respondents' answer, and the master's report upon the same, will be sufficiently understood by reference to the following abstract of the report furnished by counsel:—

Defendants claimed in their schedule annexed to their answer, various items not allowed by the master; to wit:— Defendants claimed sums, with interest to June 25, 1856, for the mortgage, repairs, &c., $2778,70, less rent of premises at $150 a year from September 6, 1855.   Master allowed, exclusive of rent, $2613,51.   Master disallowed items claimed, to amount of $165,19.   Master found due to defendants on the mortgage, after allowing rent of $150 a year, from June 25, 1855, to the date of report, May 11, 1858, $2459,27.

Thomas L. Hamilton testified that he was one of the plaintiffs; that he called upon William Deming, jr., one of the defendants, in the fall of the year 1857, for the amount due on the mortgage of William E. Slayton to Sewall Baker, and transferred from Baker to defendants.

It was before the bill in equity was made.   Deming said he would make out his account as soon as he could get in his bills of repairs.

Afterwards he called upon him, and he handed him the annexed bill, marked A, except the credits for rent, which he added afterwards; that he brought the account to Joseph Granger, attorney for defendants, before the credit was added.   He directed him to get the rent credited, and he did.   Granger came to Deming's store when witness was there.   They talked over the bill; witness thought the bill in some particulars was incorrect.

Deming said he could produce vouchers for the charges, but did not.   Thinks the charge for insurance was one of the items objected to, but is not certain.   Claimed $200 as rent of the property.   Also objected that some of the repairs were not necessary for the protection of the property.   Deming declined paying more t an $150 for rent, and claimed the

amount of the bill marked A, as the amount due to the respondents on the mortgage.

*Cross-examined.*—Did not ask Deming to produce his vouchers. Witness afterwards went down with Deming to examine the premises, with a view to ascertain the amount he had expended.

Joseph Granger testified that, in the spring of 1857, or latter part of the winter, Thomas L. Hamilton, one of the complainants, came to me with the account now annexed to his deposition, marked A, precisely as it now is, excepting the credit of rent and the heading " Calais, Jan'y 1, 1857," and consulted me as to the rights of mortgager and mortgagee ; what repairs and expenses mortgagee in possession had a legal right to charge, and the mode of ascertaining the rents and profits. I saw there was no credit of rent in the account, and told Hamilton he had better get respondents to credit rents and profits.

He took the account for that purpose. I happened into the respondents' store shortly after, and William Deming, jr., Hamilton and myself had some conversation respecting the value of the rents, and for what repairs mortgagee was entitled to charge. Witness thinks Deming, at that time, added the words " Calais, Jan'y 1, 1857," as the date up to which interest was reckoned on the notes ; and also added the credit of \$237,50, for the rent up, I think, to April, though not positive as to the time ; know it was earlier than June, 1857.

The said Deming at that time claimed, as the amount due on the mortgage, the amount of the aforesaid bill, marked A, with interest from January 1, 1857, less \$237,50, for rent.

It was after this I concluded to file a Bill in Equity to redeem, as the best method of determining the rights of the parties. Accordingly, in August, I commenced this action at plaintiffs' request.

*J. Granger,* for complainants, argued, —

1. That, as the respondents did not render a correct account of the amount due on the mortgage, when the account was demanded, and neglected to render an account of rents and profits, and set up an unfounded claim to the property, and unjust and illegal charges for expenditures, to the amount of $300 and over, the respondents are liable to the complainants for costs.

2. The failure to furnish the exact amount due on the mortgage, within a reasonable time, is regarded as an unreasonable neglect and refusal. *Pease* v. *Benson,* 28 Maine, 336.

3. Setting up, in such demand, by the party entitled to redeem, a claim to a larger amount than is actually due, subjects the respondents to costs. *Sprague* v. *Graham,* 38 Maine, 328.

*Downes & Cooper,* for respondents, contended, —

1. That neither law nor equity required the exact sum due should be furnished, on demand of the holder of the equity. *Whitwood* v. *Kellog,* 6 Pick. 420.

2. If both parties are in fault, costs are allowed neither. *Clark* v. *Read,* 11 Pick. 446, 449; 1 U. S. Equity Digest, 202, No. 124. In not offering to pay the sum justly due in their bills, as provided in R. S., c. 125, § 16, and in new R. S., c. 99, § 13, the complainants are in fault. They also claimed $200 a year rent, while the master allowed only $150. The complainants excepted to the master's report, and afterwards withdrew the exceptions, thus protracting the proceedings. *Richards* v. *Barlow,* 1 Paige's C. R., 323; *Norton* v. *Wood,* 5 Paige's C. R., 260; *Methodist Church* v. *Jaques,* 3 Johns. C. R., 77; 1 U. S. Eq. Dig., 204, No. 187.

3. Complainants are not entitled to costs as prevailing parties. The better rule is, that costs rest in the discretion of the Court. See American Ch. Dig., before cited, and cases there referred to.

4. A better rule is, where the parties stand equally fair

in every respect, the actor, who brings the other into Court, ought to pay the expense. American Ch. Dig. 122, No. 7.

The decree of the Court was announced by

DAVIS, J.—The plaintiffs are entitled to a decree for a release of the mortgage title, upon payment of $2454,24, on or before July 18, 1860, and to recover their costs.

TENNEY, C. J., and APPLETON, MAY, and KENT, J. J., concurred.